# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

                     Petitioner,          **MEMORANDUM OPINION**
                                        **AND ORDER**
      v.                             Civil No. 08-mc-37 ADM/JJK

Living Word Christian Center,

                     Respondent.

_____

Robert E. Fay, Esq., United States Department of Justice, Washington, D.C. for Petitioner.

Walter A. Pickhardt, Esq., Faegre & Benson LLP, Minneapolis, MN for Respondent.
_____

# I.  INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner United States of America's ("the Government") Objections [Docket No. 23] to Magistrate Judge Jeffrey J. Keyes' Report and Recommendation ("R&R") [Docket No. 21].  The R&R recommends that the Government's Petition to Enforce Internal Revenue Summons [Docket No. 1] be denied because an "appropriate high-level Treasury official" has not made the necessary "reasonable belief" determination required by Congress before a church tax inquiry and examination of a church's records can occur.  26 U.S.C. §§ 7611(a)(2) and (h)(7).  For the reasons set forth below, the Government's Objections are overruled and the R&R is adopted.

# II.  DISCUSSION

The procedural and factual background, described in the R&R, is incorporated by reference for review of the Government's Objections.  In April 2007, the Internal Revenue Service ("IRS") began investigating Living Word Christian Center ("LWCC") after receiving

reports that LWCC may be engaging in conduct, including improperly conferring economic benefits on its senior pastor Reverend James M. Hammond, which may jeopardize its tax-exempt status. The IRS sent LWCC a notice signed by Marsha A. Ramirez, the Director of Exempt Organizations, Examination ("DEOE"), that it was opening a church tax inquiry. LWCC responded to the notice, and its response caused the IRS to open a church tax examination of LWCC's records. Before that examination could take place, LWCC asserted that the IRS's notice was defective because it was authorized by the DEOE who is not an appropriate high-level Treasury official. The IRS then issued an administrative summons to LWCC asserting that it needed the information sought in the summons to determine whether LWCC's tax-exempt status as a church is legitimate. When LWCC refused to comply with the summons, the IRS petitioned the Court for an order directing LWCC to comply in full. After a thorough examination of the issues and two rounds of briefing, Judge Keyes denied enforcement of the summons because the DEOE is not an appropriate high-level Treasury official to make the "reasonable belief" determination required before an examination of a church's records can occur.

## A.      Standard of Review

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

To obtain judicial enforcement of an administrative summons, the Government must

establish a prima facie case by demonstrating that (1) the IRS investigation is being conducted

pursuant to a legitimate purpose; (2) the inquiry may be relevant to that purpose; (3) the IRS or

Commissioner does not currently possess the information sought; and (4) the administrative

steps required by the Internal Revenue Code have been followed.  See United States v. Powell,

379 U.S. 48, 57-58 (1964).  The Internal Revenue Code specifies a church tax inquiry may begin

only after notice and if:

> an appropriate high-level Treasury official reasonably believes (on
> the basis of facts and circumstances recorded in writing) that the
> church . . . may not be exempt by reason of its status as a church,
> from tax . . . or . . . may be carrying on an unrelated trade or business
> . . . or otherwise engaged in activities subject to taxation under this
> title.

26 U.S.C. § 7611(a)(1), (2).  An "appropriate high-level Treasury official" is defined as "the

Secretary of the Treasury or any delegate of the Secretary whose rank is no lower than that of a

principal Internal Revenue officer for an internal revenue region."  26 U.S.C. § 7611(h)(7).

Upon the enactment of this statute and following a formal notice and comment period, the IRS

determined that an appropriate high-level Treasury official was a "Regional Commissioner (or

higher Treasury official)."  Treas. Reg. § 301.7611-1T, Q&A (1).

The difficulty in applying the statute to this case was created by the Internal Revenue

Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 1001(a), 112 Stat. 685

(1998), which eliminated the position of Regional Commissioner.  Congress did not amend the

definition of "appropriate high-level Treasury official," and the IRS has not, in the ensuing

years, undertaken any rule-making procedures to amend its own definition.  Instead, the IRS

delegated authority to other IRS officials to assume the former responsibilities of the Regional

Commissioners.  See Delegation Order 193 (Rev. 6) (last revised November 8, 2000).  In the

instant case, the DEOE was the individual who made the reasonable belief determination

required by 26 U.S.C. § 7611.  <u>See</u> Internal Revenue Manual § 4.76.7.4 (June 1, 2004).

Because the enforceability of the summons turns on the IRS's interpretation that the

DEOE is an appropriate high-level Treasury official, the Court must make a determination of the

level of deference afforded to that interpretation.  Judge Keyes determined that <u>Skidmore</u>

deference applies, and the Government does not contend otherwise.  <u>See</u> <u>Skidmore v. Swift &</u>

<u>Co.</u>, 323 U.S. 134 (1944); <u>see</u> <u>also</u> R&R at 15-20; Objections at 3-4.  Under <u>Skidmore</u>:

> [t]he fair measure of deference to an agency administering its own
> statute has been understood to vary with the circumstances, and
> courts have looked to the degree of the agency's care, its consistency,
> formality, and relative expertness, and to the persuasiveness of the
> agency's position. . . . The weight [accorded to an administrative]
> judgment in a particular case will depend upon the thoroughness
> evident in its consideration, the validity of its reasoning, its
> consistency with earlier and later pronouncements, and all those
> factors which give it power to persuade, if lacking power to control.

<u>United States v. Mead Corp.</u>, 533 U.S. 218, 228 (2001) (quoting <u>Skidmore</u>, 323 U.S. at140

(1944)).

Judge Keyes ultimately found that the IRS's interpretation was not persuasive and thus

not entitled to deference.  Instead, he found that an important constitutional interest underlies the

requirements of a church tax inquiry—First Amendment protections against the Government's

possible intrusion into religious affairs.  R&R at 25.  Congress created § 7611 to balance the

rights of legitimate churches with the need for the IRS to investigate and eliminate church tax

avoidance schemes.  <u>Id.</u>  Judge Keyes found that given the balancing of the constitutionally

protected rights, the person responsible for determining "reasonable belief" should have broad

responsibility and experience and have a high-profile position that would make it likely she has a

4

heightened understanding the political and policy interests at stake.  Id.  Prior to the 1998

reorganization, the designated person was the Regional Commissioner, an official only one

management level removed from the Commissioner of the IRS.  Id. at 28.  Judge Keyes reasoned

that the DEOE, on the other hand, is four management levels removed from the Commissioner of

the IRS and therefore is not the "high-level Treasury official" envisioned by Congress to

properly serve the balancing function.  Id. at 29.  The nearest equivalent to the Regional

Commissioner under the current IRS organization is the Commissioner Tax Exempt and

Government Entities ("TEGE").  Id. at 27.

**B.**     **Objections**

        The Government argues that Judge Keyes failed to give appropriate weight to the IRS's

reasonable interpretation.  Objections at 4.  It explains the result of Congress's 1998 mandated

reorganization was a shift from geographical regional directors to directors based on areas of

expertise.  As a result, no single official has the areas of responsibilities previously assigned to

the Regional Commissioners.  Thus, it is argued, the added expertise of the DEOE in tax exempt

areas makes her a better candidate to initiate a church tax inquiry.  The Government, however,

fails to explain how the DEOE has the background to satisfy the broader view of the

political/policy balancing role possessed by the Regional Commissioners.  The Court agrees with

Judge Keyes that the DEOE does not constitute an appropriate high-ranking Treasury official.

        The Government next argues that by not comparing § 7611(a) and § 7611(f), Judge

Keyes overlooked evidence that Congress considered national perspective and exempt-

organization expertise more important than the rank and command chain in initiating church tax

inquiries.  Objections at 6.  Section 7611(f) protects churches from unnecessary repeated

inquiries if the first inquiry does not result in either (1) a revocation of tax-exempt status or (2) a request for a change in the church's operational practices. Prior to the 1998 reorganization, a second inquiry could only be approved by the Assistant Commissioner for Employer Plans and Exempt Organizations ("EP/EO"), a person three levels from the IRS Commissioner. The Government then argues that because the requirements for a second inquiry are more stringent, and Congress allowed a lower ranking member to conduct this more sensitive review even after the 1998 reorganization, Congress valued expertise over rank.

The Court disagrees that the procedure for a secondary review provides insight into Congress's intention with regard to initial church tax inquiries. If the inference is that Congress intended to value expertise over national perspective and political accountability because of the "sensitive" nature of secondary inquiries, this inference overlooks that at the time of the first review, a politically accountable Regional Commissioner balanced the First Amendment rights of the church with the IRS's need for an inquiry. There is no indication that a second inquiry initiated by a person with more expertise demonstrates that Congress shifted its priorities in terms of requiring the first inquiry to be initiated by a person with a high level of political accountability.

The Government's next argument is that to the extent Judge Keyes determined that the DEOE did not have the broad scope of authority and array of duties that the Regional Commissioner had, the Commissioner TEGE also does not have a similar broad scope of authority and array of duties. Judge Keyes did not state that the Commissioner TEGE had the same broad array of duties as the Regional Commissioner. Instead, he found that the Commissioner TEGE's responsibilities, rather than the DEOE's responsibilities, are more

closely aligned with those of the Regional Commissioner.

The Government's final objection is that Judge Keyes failed to adequately credit the IRS's expertise and inappropriately took into account the IRS's lack of formal rule making in his determination. While expertise is one factor a court should consider under <u>Skidmore</u> deference principles, Judge Keyes found that the level of deference was "not as great" because the interpretation in question does not "require the IRS's technical tax expertise." R&R at 22-23. The Government maintains that Judge Keyes failed to consider the IRS's expertise in tax administration. However, the IRS's expertise in tax administration is not the type of expertise entitled to deference on an issue that requires the balancing of First Amendment issues. Finally, Judge Keyes' critique of the IRS's failure to conduct formal notice-and-comment rule making does not necessarily mean the interpretation was accorded less weight under <u>Skidmore</u> deference. This Court also ultimately finds the IRS's interpretation unpersuasive and adopts Judge Keyes' determination that the IRS's summons be denied because it was not authorized by "an appropriate high-level Treasury official." The IRS may choose to reinitiate an inquiry subject to a review by an "appropriate high-level Treasury official" consistent with this Order.

## III. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections [Docket No. 23] are **OVERRULED**;

2. The R&R [Docket No. 21] is **ADOPTED**;

3. Petitioner's Petition to Enforce Internal Revenue Summons [Docket No. 1] is **DENIED**; and

4. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 30, 2009.